IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHARON C. WAHLSTROM, | § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO. A-10-CA-348 SS |
| v. | § § | |
| FLEXTRONICS AMERICA, LLC, | § § § | |
| Defendant. | § § | |

**DEFENDANT FLEXTRONICS AMERICA'S RULE 12(b)(5)**
**MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**

Flextronics America, LLC ("Flextronics") respectfully moves the Court to dismiss the Original Complaint ("Complaint") of Plaintiff Sharon C. Wahlstrom ("Plaintiff") for insufficient service of process and would show the Court as follows:

## I.
## INTRODUCTION

1. On or about May 25, 2010, Mr. Luis Landeros ("Landeros"), mailed the summons and Complaint to C T Corporation System, Flextronics's registered agent for service of process, via certified U.S. Mail, return receipt requested. *See* Proof of Service. C T Corporation System received the summons and Complaint on or about May 27, 2010. *See id.*

2. Plaintiff's Complaint should be dismissed for insufficient service of process, because: (a) mailing the summons and complaint does not constitute "delivery" within the meaning of Rule 4(h)(1); and (b) to the best of Flextronics's knowledge, Landeros is not the clerk of the court, an authorized process server, or otherwise authorized to serve process via certified mail, such that service was not effective under the state law service provision of Rule 4(e)(1).

## II.
## ARGUMENT

### A. Motion to Dismiss Standard

3. A motion to dismiss under Rule 12(b)(5) is the "appropriate means for challenging the sufficiency of service of process." *Elkins v. J.A. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003) (citing *Plant Genetic Sys., N.V. v. CibaSeeds*, 933 F. Supp. 519, 526 (M.D.N.C. 1996)). When service of process is challenged, "the plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." *Id.*

### B. Plaintiff Did Not "Deliver" the Summons or Complaint

4. Rule 4(h)(1) provides that a corporation may be served by: (a) delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process; or (b) in the manner prescribed for individuals by Rule 4(e)(1). FED. R. CIV. P. 4(h)(1).

5. All of the service methods specifically described in the federal rules, including the "delivery" service method specified in Rule 4(h)(1), require in-hand delivery and do not permit for service via mail. *See Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005) (all methods of service specifically described by the Federal Rules of Civil Procedure involve in-hand delivery); *Campbell v. Angela Hospice Home Health Care, Inc.*, 2007 WL 4571456, *3 (E.D. Mich. Dec. 27, 2007) (Rule 4(h)(1) "does not provide for service of process upon corporation by mail as a matter of federal procedure. ... The term 'delivering' in the later part of Rule 4(h)(1) does not include service by mail.") (quoting *Taylor v. Stanley Works*, 2002 WL 32058966, *13 (E.D. Tenn. July 16, 2002)).

6. Here, Plaintiff did not "deliver" the summons and complaint to anyone but instead had Landeros mail it. *See* Proof of Service. Accordingly, Plaintiff must rely on Rule 4(e)(1) and the relevant provisions of Texas state law to demonstrate that service was effective. *See Homer*, 415 F.3d at 754 (7th Cir. 2005) (where a plaintiff relies on certified mail to attempt service, the sufficiency of service turns on the relevant provisions of state law).

**C. Plaintiff Did Not Serve Flextronics in Compliance with Rule 4(e)(1).**

7. Rule 4(e)(1) provides service may be effected in a judicial district pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State. FED. R. CIV. P. 4(e)(1).

8. Texas Rule of Civil Procedure 106(a) provides that, unless the citation or an order of the court otherwise directs, the citation shall be served by a person authorized by Texas Rule of Civil Procedure 103. TEX. R. CIV. P. 106(a). Texas Rule of Civil Procedure 103 provides that process may by served by: (a) a sheriff or constable or other person authorized by law; (b) a person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) a person certified under order of the Supreme Court. TEX. R. CIV. P. 103.

9. To the best of Flextronics's knowledge, Landeros is not a sheriff, a constable, the clerk of the court, a person authorized by law or by written order of the court, or a person certified under order of the Supreme Court. *See, e.g.*, Private Process Services Certified by the Texas Supreme Court at www.courts.state.tx.us/psrb/pdf/Statewide_Authorized_Servers.htm.

10. Accordingly, to the best of Flextronics's knowledge, Landeros was not qualified to effect service via certified mail and his act of mailing the summons and complaint did not constitute effective service under the relevant provisions of Texas law. *See* TEX. R. CIV. P. 103;

*Ikon v. Integritry*, 2006 WL 1644670 (Tex.App.—Corpus Christi June 15, 2006) (unpublished) (reversing default judgment against the defendant because service of citation was not made in "strict compliance" with the Texas rules but was instead made via certified mail by the plaintiff's attorney).

WHEREFORE, Flextronics respectfully requests that the Court dismiss Plaintiff's Complaint for insufficient service of process, award Flextronics its costs, and provide such other relief as the Court deems just and appropriate.

Respectfully submitted,

BOULETTE & GOLDEN L.L.P.

By: _____
Jason S. Boulette
State Bar No. 90001846

1221 S. MoPac Expressway
Three Barton Skyway, Suite 300
Austin, Texas 78746
(512) 732-8901
(512) 732-8905 Facsimile

ATTORNEY FOR FLEXTRONICS AMERICA LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via U.S. Mail, regular mail, and U.S. Mail, certified mail, return receipt requested, on Sharon C. Wahlstrom, 105 Twilight Way, Hutto, Texas 78634, Plaintiff *Pro Se*, on this 16th day of June 2010, in accordance with the Federal Rules of Civil Procedure.

_____
Counsel for Flextronics America LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHARON C. WAHLSTROM, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. A-10-CA-348 SS |
| v. | § § | |
| FLEXTRONICS AMERICA, LLC, | § § | |
| Defendant. | § | |

## **ORDER GRANTING DEFENDANT'S RULE 12(B)(5) MOTION TO DISMISS**

Before the Court is Defendant Flextronics America's Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process. After reviewing the pleadings and the evidence, the Court finds that the motion should be GRANTED.

ACCORDINGLY, IT IS ORDERED, that Plaintiff's Complaint is hereby dismissed without prejudice.

Signed this _____ day of _____, 2010.

_____
THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE