IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHARON C. WAHLSTROM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. A-10-CA-348 SS |
| v. | § | |
| | § | |
| FLEXTRONICS AMERICA, LLC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT FLEXTRONICS AMERICA'S ANSWER**

Defendant Flextronics America, LLC ("Flextronics") answers the Original Complaint ("Complaint") of Plaintiff Sharon C. Wahlstrom ("Plaintiff") as follows:

1. Flextronics admits Plaintiff is asserting claims under Title VII of the Civil Rights Act, as amended, and admits the Court has jurisdiction. Flextronics denies the remaining allegations, if any, contained in paragraph 1.

2. Flextronics admits Plaintiff filed a charge dated September 26, 2009, received a Dismissal and Notice of Rights dated February 18, 2010, and filed this action on May 21, 2010. Flextronics is without information sufficient to admit or deny as to the remaining allegations in paragraph 2 and, accordingly, denies same.

3. Flextronics admits Plaintiff is invoking the jurisdiction of the Court under the cited statutes. Flextronics denies the remaining allegations, if any, contained in paragraph 3.

4. Flextronics admits the allegations contained in the Complaint are alleged to have occurred in Travis County and that venue is proper. Flextronics denies the remaining allegations, if any, contained in paragraph 4.

5. Flextronics is without information sufficient to admit or deny the allegations contained in paragraph 5.

6. Admit.

7. Flextronics admits Plaintiff is bringing this action pursuant to Title VII of the Civil Rights Act as amended. Flextronics denies the remaining allegations, if any, contained in paragraph 7.

8. Flextronics denies any "extended periods of disregard for [Plaintiff's] complaints of sexual harassment by co-worker, George Millard" and denies that Plaintiff was subjected to a hostile work environment. Flextronics is without information sufficient to admit or deny the remaining allegations in paragraph 8 and, accordingly, denies same.

9. Denied.

10. Flextronics admits Plaintiff went to the police and that Mr. Millard was arrested on or about July 24, 2009. Flextronics admits Flextronics did not arrest Mr. Millard. Flextronics denies the remaining allegations, if any, contained in paragraph 10.

11. Flextronics admits it investigated Plaintiff's allegations regarding Mr. Millard, admits it permitted Plaintiff to work from home, admits it did not require Plaintiff to return to the work place until after Mr. Millard was removed from the workplace, and admits it provided Plaintiff with a security escort. Flextronics denies the remaining allegations, if any, contained in paragraph 11.

12. Flextronics denies that any act or omission on its part caused Plaintiff any of the alleged harms identified in paragraph 12. Flextronics is without information to admit or deny whether Plaintiff may have experienced the complained of harms as a result of the act of omission of some other person or party and, accordingly, denies same.

13. Flextronics admits Plaintiff is female, admits Plaintiff was an employee, and admits Plaintiff was qualified for her position as a buyer at Flextronics. Flextronics denies the remaining allegations, if any, contained in paragraph 13.

14. Admit.

15. Admit.

16. Flextronics admits Plaintiff and Mr. Millard were acquaintances and admits that Plaintiff informed Flextronics that Plaintiff and Mr. Millard were not romantically involved. Flextronics is without information sufficient to admit or deny the remaining allegations contained in paragraph 16 and, accordingly, denies same.

17. Flextronics admits Plaintiff informed Mr. Millard on at least one occasion that they would never be more than friends. Flextronics is without information sufficient to form an opinion as to the remaining allegations contained in paragraph 17 and, accordingly, denies same.

18. Flextronics is without information sufficient to admit or deny the allegations contained in paragraph 18 and, accordingly, denies same.

19. Flextronics is without information sufficient to admit or deny the allegations contained in paragraph 19 and, accordingly, denies same.

20. Flextronics admits that in or about July 2008 Plaintiff informed her supervisor that she planned to inform Mr. Millard that she did not wish to have a personal relationship with him. Flextronics denies the remaining allegations contained in paragraph 20.

21. Flextronics is without information sufficient to admit or deny the allegations contained in paragraph 21 and, accordingly, denies same.

22. Flextronics is without information sufficient to admit or deny the allegations contained in paragraph 22 and, accordingly, denies same.

23. Flextronics admits Plaintiff's supervisor spoke with Mr. Millard in October 2008 and that Mr. Millard did not, to the best of Flextronics's knowledge, harass Plaintiff following that conversation. Flextronics denies the remaining allegations contained in paragraph 23.

24. Flextronics admits Plaintiff received e-mails from two people, one that Plaintiff said she did not know and another that was ostensibly a prior acquaintance, over a period of time beginning in or about October or November 2008. Flextronics is without information sufficient to admit or deny the remaining allegations contained in paragraph 24 and, accordingly, denies same.

25. Flextronics admits Plaintiff informed her second level manager that she believed Mr. Millard was accessing her personal e-mail account. Flextronics denies the remaining allegations contained in paragraph 25.

26. Flextronics admits Plaintiff's mother reported on or about March 5, 2009, that she had received emails from a Flextronics IP address. Flextronics admits it investigated the emails and was unable to determine whether Mr. Millard had sent them. Flextronics denies the remaining allegations contained in paragraph 26.

27. Denied as to Plaintiff's work environment. Defendant is without sufficient information to admit or deny the remaining allegations, if any, contained in paragraph 27 and, accordingly, denies same.

28. Denied.

29. Flextronics admits Plaintiff brought Mr. Millard to the attention of Flextronics's HR department and went to the police in July 2009. Flextronics admits that Mr. Millard was arrested on or about July 24, 2009. Flextronics denies the remaining allegations contained in paragraph 29.

30. Flextronics admits it investigated Plaintiff's complaints. Flextronics denies the remaining allegations contained in paragraph 30.

31. Flextronics is without information sufficient to admit or deny the allegations contained in paragraph 31 and, accordingly, denies same.

32. Flextronics is without information sufficient to admit or deny the allegations contained in paragraph 32 and, accordingly, denies same.

33. Flextronics admits that it permitted Plaintiff to work from home and did not require her to return to the workplace until after Mr. Millard had been removed from the workplace. Flextronics is without information sufficient to admit or deny the remaining allegations contained in paragraph 33 and, accordingly, denies same.

34. Denied.

35. Flextronics admits it permitted Plaintiff to work from home and did not require her to return to the workplace until on or about August 25, 2009, after Mr. Millard had been removed from the workplace. Flextronics is without information sufficient to admit or deny the remaining allegations contained in paragraph 35 and, accordingly, denies same.

36. Denied.

37. Flextronics admits it was not able to determine whether Mr. Millard was responsible for the complained of emails. Flextronics denies the remaining allegations, if any, contained in paragraph 37.

38. Denied.

39. Denied.

40. With respect to the paragraph under the heading "RELIEF REQUESTED," Flextronics incorporates by reference its response to paragraphs 1 through 39.

41. Flextronics denies the allegations, if any, contained in the paragraph under the heading "Relief One" and denies Plaintiff is entitled to any of the items enumerated in the paragraph.

42. Flextronics denies the allegations, if any, contained in the paragraph under the heading "Relief Two" and denies Plaintiff is entitled to any back pay.

43. Flextronics denies the allegations, if any, contained in the paragraph under the heading "Relief Three" and denies Plaintiff is entitled to any interest.

44. Flextronics denies the allegations, if any, contained in the paragraph under the heading "Relief Four" and denies Plaintiff is entitled to any damages.

45. Flextronics denies the allegations, if any, contained in the paragraph under the heading "Relief Five" and denies Plaintiff is entitled to any punitive damages.

46. Flextronics denies the allegations, if any, contained in the paragraph under the heading "Relief Six" and denies Plaintiff is entitled to attorney's fees or costs.

47. With respect to the paragraph under the heading "PRAYER FOR RELIEF," Flextronics denies that Plaintiff is entitled to the award of any the enumerated items.

**AFFIRMATIVE DEFENSES**

48. Plaintiff's claims are barred in whole or in part by her failure to exhaust administrative remedies.

49. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

50. Plaintiff's claims are barred in whole or in part by her failure to reasonably mitigate damages.

51. Flextronics took prompt remedial action in response to Plaintiff's complaints.

52. To the extent Plaintiff attempts to impose liability on Flextronics under a common-law theory on the basis of conduct prohibited by a federal or state statute, such common-law theory is pre-empted and precluded by such federal or state statute.

53. With respect to any lost wages sought or recovered by Plaintiff, Flextronics is entitled to offset amounts earned or received by Plaintiff during the period of time for which such lost wages are calculated.

Respectfully submitted,

BOULETTE & GOLDEN L.L.P.

By:_________________________
Jason S. Boulette
State Bar No. 90001846

1221 S. MoPac Expressway
Three Barton Skyway, Suite 300
Austin, Texas 78746
(512) 732-8901
(512) 732-8905 Facsimile

ATTORNEY FOR FLEXTRONICS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via CM/ECF on the following, on this 19th day of July 2010, in accordance with the Federal Rules of Civil Procedure:

Mr. Robert Notzon
The Law Office of Robert Notzon
1507 Nueces Street
Austin, Texas 78701
*Via e-service*

______________________________
Counsel for Flextronics